IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

FRANKIE O'NEAL WARD, #L2830                                            PLAINTIFF

VS.                                                    CIVIL ACTION NO. 2:09cv13-MTP

CHRISTOPHER EPPS, *et al.*                                            DEFENDANTS

**ORDER**

The parties appeared and participated in an omnibus hearing before the undersigned United States Magistrate Judge on August 26, 2009. Plaintiff appeared *pro se*, Pelicia Everett Hall appeared on behalf of Defendants Christopher Epps and Mike Hatten, and Stacey Neames appeared on behalf of Defendants Dr. Woodall and Dr. McGrew. The court scheduled this hearing for the combined purposes of conducting a *Spears*[1] hearing; a scheduling/case management hearing; and a discovery conference. The court's purpose in conducting the hearing is to ensure the just, speedy and inexpensive determination of this *pro se* prisoner litigation. Based on the testimony given at the hearing, the court screened this matter pursuant to 28 U.S.C. § 1915(e)(2)(B).[2]

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

[2] Because Plaintiff is proceeding *in forma pauperis* in this action, his complaint is subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2), which mandates dismissal "at any time" if the court determines that the action "fails to state a claim on which relief may be granted" or "is frivolous or malicious." *See also Ali v. Higgs,* 892 F.2d 438, 440 (5th Cir. 1990) (recognizing the court's authority "to test the proceeding" and deeming appropriate *sua sponte* evaluation of the merit of the asserted claim). Section 1915(e)(2) states as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
> . . .

1

Jurisdiction of this case is based upon 42 U.S.C. § 1983. Plaintiff's claims occurred while he was a post-conviction inmate at the South Mississippi Correctional Institution ("SMCI"), where he is currently serving a ten-year sentence after having been convicted of two counts of armed robbery and one count of kidnaping in Simpson County.

Plaintiff's claims were clarified and amended by his sworn testimony during the *Spears* hearing.[3] Plaintiff alleges that Defendants denied him adequate medical treatment in violation of the Eighth Amendment. Specifically, he claims that Defendants failed to properly treat his tonsil infection. Rather than authorizing the surgery he claims he needed, Defendants treated his infection with antibiotics, which Plaintiff claims was unsuccessful.

During the *Spears* hearing, counsel for Defendants Epps and Hatten moved to dismiss the claims against them, claiming they had no direct involvement in Plaintiff's claims. For the reasons stated during the hearing, and for the reasons which follow, Defendants' *ore tenus* motion should be granted.

Plaintiff testified that he sued Christopher Epps because he failed to properly review and respond to the last step of his request filed through the Administrative Remedy Program, and that as Commissioner of the MDOC, he had a duty to do so. Plaintiff testified that he had no personal

---

(B) the action or appeal--
(i) is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

[3]*See Hurns v. Parker*, 165 F.2d 24, No. 98-60006, 1998 WL 870696, at *1 (5th Cir. Dec. 2, 1998); *Riley v. Collins*, 828 F.2d 306, 307 (5th Cir. 1987) (stating that plaintiff's claims and allegations made at *Spears* hearing supersede claims alleged in complaint).

contact with Mr. Epps regarding his claims, and that Mr. Epps had no direct involvement in his claims.

Similarly, Plaintiff testified that Mike Hatten, as Director of the Medical Department at SMCI, is responsible for overseeing the doctors and medical staff that work for him. Plaintiff testified that Dr. McGrew told him that Mr. Hatten would not authorize his surgery for financial reasons, but also testified that Dr. McGrew told Plaintiff that he did not need the surgery. Plaintiff testified that he had no personal contact with Mr. Hatten regarding his claims, and that Mr. Hatten had no direct involvement in his claims.

It is well-settled that Section 1983 does not "create supervisory or *respondeat superior* liability." *Oliver v. Scott,* 276 F.3d 736, 742 & n.6 (5th Cir. 2002); *see also Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987) (citations omitted) ("Under § 1983, supervisory officials cannot be held liable for the actions of subordinates under any theory of vicarious liability."). "To state a cause of action under § 1983, the plaintiff must allege facts reflecting the defendants' participation in the alleged wrong, specifying the personal involvement of each defendant." *Jolly v. Klein*, 923 F. Supp. 931, 943 (S.D. Tex. 1996) (citing *Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992)). Thus, supervisory prison officials may be held liable for a Section 1983 violation only if they either were personally involved in the constitutional deprivation or if there is a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Thompkins*, 828 F.2d at 304; *see also Stewart v. Murphy*, 174 F.3d 530, 536 (5th Cir. 1999) (holding that medical director at Parchman was not deliberately indifferent to plaintiff's serious medical needs, where director was not one of plaintiff's treating physicians and had limited contact with plaintiff); *Hailey v. Savers*, 240 Fed. Appx. 670, 672 (5th

Cir. 2007) (affirming dismissal of prison medical administrator because plaintiff "failed to allege specific facts to demonstrate that [administrator] had personal involvement in placing [plaintiff] in a job assignment that posed a substantial risk of harm or that [administrator] implemented policies to physically harm [plaintiff]").

Plaintiff has failed to allege any facts reflecting participation by Mr. Epps or Mr. Hatten in the alleged violations, and has failed to allege any causal connection between Mr. Epps's or Mr. Hatten's conduct and the alleged violations. Accordingly, Plaintiff has failed to state a claim for a constitutional violation against Mr. Epps and Mr. Hatten.

Plaintiff's claims against Dr. Woodall and Dr. McGrew are also without merit for the reasons that follow and the reasons stated during the hearing. Plaintiff testified that Dr. Woodall and Dr. McGrew treated him for his tonsil infection on several occasions with several different types of antibiotics. He further testified that Dr. Woodall performed bloodwork on him and took a throat swab, and all results came back normal. Plaintiff testified that both doctors told him he did not need surgery.

"Prison officials violate the constitutional proscription against cruel and unusual punishment when they are deliberately indifferent to a prisoner's serious medical needs, as doing so constitutes unnecessary and wanton infliction of pain." *Davidson v. Texas Dep't of Criminal Justice*, 91 Fed. Appx. 963, 964 (5th Cir. 2004) (citing *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). Deliberate indifference "is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (quoting *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001)). The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 839-40 (1994). A

4

prison official may not be held liable under this standard pursuant to Section 1983 unless the plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference." *Farmer*, 511 U.S. at 837. Plaintiff must "submit evidence that prison officials 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any other similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Davidson*, 91 Fed. Appx. at 965 (quoting *Domino*, 239 F.3d at 756).

Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 333-34 (1986). The Plaintiff is not entitled to the "best" medical treatment available. *McMahon v. Beard*, 583 F.2d 172, 174 (5th Cir. 1978); *Irby v. Cole*, No. 4:03cv141-WHB-JCS, 2006 WL 2827551, at *7 (S.D. Miss. Sept. 25, 2006).

Based on the evidence before the court, Plaintiff was never denied medical treatment.[4] Rather, he disagrees with the treatment he received, which does not amount to a constitutional violation. *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 2001) (holding that a prisoner's "disagreement with medical treatment does not state a claim for Eighth Amendment indifference to medical needs"). The court finds that Plaintiff has failed to establish that Dr. Woodall and Dr. McGrew were deliberately indifferent to his serious medical needs. *See Davidson*, 91 Fed. Appx. at 965 (citing *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir.1999)) ("Unsuccessful medical treatment, ordinary acts of negligence, or medical malpractice do not constitute a cause of action

---

[4]Plaintiff does not allege that Dr. Woodall or Dr. McGrew refused to treat him. Plaintiff testified that he himself discontinued treatment from these doctors since they were not successful in eliminating his condition.

under § 1983."). Accordingly,

    IT IS, THEREFORE, ORDERED:

1. Defendants' *ore tenus* motion to dismiss Defendants Christopher Epps and Mike Hatten is GRANTED. These Defendants are dismissed with prejudice.

2. Plaintiff's deliberate indifference claims against Dr. Woodall and Dr. McGrew are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

3. A separate judgment in accordance with Federal Rule of Civil Procedure 58 will be filed herein.

SO ORDERED AND ADJUDGED this the 28th day of August, 2009.

                                    s/ Michael T. Parker
                                    United States Magistrate Judge